UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

IN THE MATTER OF THE COMPLAINT          CIVIL ACTION
OF MMD MARINE, L.L.C., AS OWNER
PRO HAC VICE OF BARGE MMD 0901
FOR EXONERATION FROM OR                 NO. 13-202-JJB-SCR
LIMITATION OF LIABILITY


**RULING ON CLAIMANT'S AND LIMITATION PLAINTIFF'S MOTIONS TO
TRANSFER VENUE**

This matter is before the Court on Motions to Transfer Venue (docs. 15 and 18),

filed by Claimant Tiger Tugz, L.L.C. and Limitation Plaintiff MMD Marine, L.L.C.

(collectively referred to as "Movants"). Complainant Kim A. Chaisson, Jr. filed

Memorandums in Opposition to both Motions to Transfer (docs. 26 and 28).

Subsequently, Complainant filed a Supplemental Memorandum in Opposition to Motion

to Transfer (doc. 37). There is no need for oral argument. Jurisdiction is based upon 28

U.S.C. § 1333. For the reasons stated herein, the Court DENIES both motions.

**Background**

On or about June 12, 2012, Complainant Kim A. Chaisson, Jr. ("Chaisson"), a tug

captain employed by Claimant Tiger Tugz, L.L.C. ("Tiger Tugz"), allegedly fell in the

hold of barge MMD 0901. At all times, Limitation Plaintiff, MMD Marine, L.L.C.

("MMD Marine"), owned barge MMD 0901. MMD Marine is a limited liability

corporation that is organized under Louisiana law. As a result of the accident, Chaisson

claims to have suffered serious and disabling injuries.

1

On March 28, 2013, MMD Marine filed a Complaint for Exoneration From or Limitation of Liability (doc. 1), denying liability for all harm and injuries suffered by Chaisson, and, in the alternative, seeking a limitation of liability pursuant to the Limitation of Liability Act provisions set forth in 46 U.S.C. § 30501, *et seq.* Chaisson answered the Complaint (doc. 11) on May 28, 2013, contesting the exoneration and/or limitation of liability of MMD Marine. Subsequently, Tiger Tugz filed an Answer and Counterclaims (doc. 12), asserting that the alleged harm that Chaisson suffered was caused by the negligence of MMD Marine or its employees/agents.

On June 26, 2013, Tiger Tugz filed its Motion (doc. 15) to Transfer Venue to the Federal District Court for the Eastern District of Louisiana, pursuant to Rule F(9) of the Supplemental Rules for Admiralty or Maritime Claims. In its Memorandum in Support (doc. 15-1), Tiger Tugz averred that transfer was in the interest of justice and for the convenience of the parties and witnesses because (1) none of the parties reside in the Middle District of Louisiana; (2) the barge MMD 0901 is a vessel in navigation and is continuously traveling up and down the Mississippi River; (3) Complainant Chaisson's treating physicians are located in the Eastern District; and (4) at the time of filing the Motion, there was a pending case instituted by Chaisson against Tiger Tugz in the Eastern District of Louisiana. Close thereafter, MMD Marine filed its Motion (doc. 18) to Transfer Venue to the Eastern District of Louisiana pursuant to Rule F(9), and as part of its Motion, MMD Marine adopted, in its entirety, Tiger Tugz's previously filed Motion to Transfer Venue and accompanying Memorandum in Support.

On July 16, 2013, Chaisson filed his Memorandums (docs. 26 and 28) in Opposition to the pending Motions to Transfer, asserting a transfer was improper because (1) the accident occurred in the Middle District of Louisiana and MMD Marine chose the Middle District as the court for filing its Limitation Action; (2) the barge MMD 0901 is only occasionally in the Eastern District of Louisiana; (3) Chaisson's treating physicians are within the subpoena power of this Court and it is just as convenient to access this Court as to access the Eastern District of Louisiana; and (4) at that time, a Motion to Dismiss had been filed by Chaisson in the pending Eastern District of Louisiana action. Thereafter, on July 31, 2013, Chaisson filed a Supplemental Memorandum (doc. 37) in Opposition to Motion to Transfer, in which he attached a copy of the signed Order (doc. 37-1) dismissing, without prejudice, the pending action in the Eastern District of Louisiana.

## Applicable Law

The Limitation Action was originally filed in this Court pursuant to Rule F(9) of the Supplemental Rules for Admiralty or Maritime Claims. Pursuant to Supplemental Rule F(9), a district court can transfer the action to another district if it is for "the convenience of the parties and witnesses" and "in the interest of justice." In determining whether a transfer is proper under Supplemental Rule F(9), "[c]onventional § 1404(a) analysis applies." *In Matter of Complaint of Ags Chartering Co.*, 1996 WL 736980, at *1 (E.D. La. Dec. 17, 1996). Accordingly, "[t]he factors to be considered by this [C]ourt in determining whether a transfer is appropriate under Supplemental Rule F(9) are the same

as those developed by the federal transfer statute, 28 U.S.C. § 1404(a)." *Matter of TLC Marine Services, Inc.*, 900 F. Supp. 54, 56 (E.D. Tex. 1995).

The moving party bears the burden of proof to show that the transfer is warranted, based on it being in the interest of justice and for the convenience of the parties and witnesses. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008)("[H]e who seeks the transfer must show good cause."). In determining whether to transfer a case, the court will employ a number of private and public interest factors to determine if a transfer is proper. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen of America, Inc.*, 543 F.3d at 315 (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). Alternatively, the public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *In re Volkswagen AG*, 371 F.3d at 203). None of the private or public factors "can be said to be of dispositive weight." *Id.* (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)). Moreover, while these factors will be sufficient for most cases, "they are not necessarily exhaustive or exclusive." *Id.*

In this case, the Court finds that a transfer is inappropriate. First, the Court finds that the private interest factors do not favor transferring the case. Neither of the Movants allege how it will be easier to access sources of proof if the case is transferred, as opposed to if the case remains in this Court. The Movants claim that Complainant Chaisson is receiving medical treatment from physicians located in the Eastern District. Nevertheless, these individuals are within the subpoena power of this Court. Furthermore, the alleged injury to Complainant occurred while on the barge MMD 0901, and as the Movants admit, the barge "continuously moves up and down the Mississippi River." As a result, there is no indication that it will be easier to access the barge if the case is transferred as opposed to if the case remains in this Court. Furthermore, Complainant provides that most witnesses in this case will be coming from Ascension Parish, which is within this Court's purview. Thus, there is no indication that any party would have easier access to sources of proof if the case is transferred to the Eastern District.

As aforementioned, the Complainant states that all relevant physicians are within the subpoena power of this Court, and neither party mentions any additional problems regarding the compulsory power of this Court over a witness in the case. Likewise, the Movants only provide generally that the attendance of the treating physicians is neither practical nor convenient. Nonetheless, as Complainant provides, the treating physician and the doctors in his office are located in Lacombe, Louisiana. The mere fact that the physicians may be located nearer to the Eastern District is insufficient to justify a transfer, particularly without the inclusion of some indication regarding the cost of

attendance of witnesses if the suit remains in the Middle District. Without any additional facts, the Court finds that the private factors disfavor a transfer of this case.

Similarly, the public factors also disfavor the transfer of this case. The case presents no danger of congesting either district's docket based on the facts as presently alleged. In addition, the purported accident occurred while the barge MMD 0901 was located within this district, and the barge was present in this district at the time of the original filing of the Limitation Action by MMD Marine. Therefore, this Court has a sufficient interest in resolving the dispute. Furthermore, the same law will apply regardless of whether the case is heard in the Middle District or the Eastern District, and both forums are equally familiar with the controlling law. Finally, the Court cannot find any conflict of law issues relevant to the case at hand.

In their Motions, Movants assert that transfer is proper because the Complainant had filed suit against Tiger Tugz in the Eastern District. However, as shown in the Supplemental Memorandum in Opposition to Motion to Transfer (doc. 37), Complainant sought and was granted the voluntary dismissal of that suit in order to pursue those claims in this Court. As a result, this no longer weighs in favor of transferring the case.

In sum, the Court finds that the Movants have not satisfied their burden of proof to establish why a transfer under Supplemental Rule F(9) would be proper. Therefore, the Court finds that transferring the case to the Eastern District will neither serve the convenience of the parties and witnesses nor be in the interest of justice.

**<u>Conclusion</u>**

Accordingly, the Court hereby DENIES Claimant Tiger Tugz, L.L.C.'s Motion (doc. 15) to Transfer, and the Court DENIES Limitation Plaintiff MMD Marine, L.L.C.'s Motion (doc. 18) to Transfer.

Signed in Baton Rouge, Louisiana, on August 21, 2013.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**