UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IN THE MATTER OF THE COMPLAINT OF
MMD MARINE, L.L.C., AS OWNER/          CIVIL ACTION
OWNER PRO HAC VICE OF BARGE
MMD 0901, FOR EXONERATION FROM         NUMBER 13-202-JJB-SCR
OR LIMITATION OF LIABILITY

### RULING ON MOTION TO COMPEL MRI

Before the court is the Motion to Compel MRI filed by claimant Tiger Tugz, L.L.C. Record document number 56. The motion is opposed.[1]

Claimant Tiger Tugz obtained a Rule 35, Fed.R.Civ.P., examination of claimant Capt. Kim A. Chaisson, done with his consent, on October 24, 2013. The examination was performed by Dr. Richard L. Corales. In his report Dr. Corales opined that the September 16, 2013 MRI he reviewed is of "moderately poor quality" or "poor quality," and "a better quality 3T MRI may be helpful," and he went on to offer his medical opinions.[2]

Typically when a Rule 35, Fed.R.Civ.P., examination is obtained by consent, the parties also agree on the manner, conditions and scope of the examination, as well as the time and

_____

[1] Record document numbers 74 and 78. Claimant Tiger Tugz filed a reply memorandum.

[2] See record document number 74-1, Exhibit 1, Independent Medical Examination report.

place of the examination.[3]  Apparently Dr. Corales did not advise Tiger Tugz before the examination that the MRI done on September 16, 2013 was of poor quality and that another MRI may be helpful. Consequently the examination did not include another MRI.

Dr. Corales is not a treating physician.  Consequently he cannot order Capt. Chaisson to undergo an MRI, and Tiger Tugz does not argue otherwise.  In a January 27, 2014 note, Capt. Chaisson' treating physician, Dr. Donald D. Dietze, acknowledged that a "second medical opinion" - presumably by Dr. Corales - "requested a repeat MRI scan with a higher magnet," and then reported that "Mr. Chaisson was unable to complete this study because of his physical size and claustrophobia."  He concluded that "[t]here is no medical indication for a repeat MRI scan."[4]

On February 2, 2014 Dr. Everett G. Robert, who works with Dr. Corales, recommended a higher resolution MRI, called a 3.0 Tesla closed MRI.[5]  But if Capt. Chaisson is unable to undergo that MRI, then Dr. Robert recommended the highest resolution open MRI.[6]

Tiger Tugs had a fair opportunity to have Capt. Chaisson examined pursuant to Rule 35.  Another MRI was not requested as

---

[3] See Rule 35(a)(2)(B).

[4] Record document number 78-1, Exhibit 3.

[5] This appears to be the same kind of MRI mentioned by Dr. Corales.

[6] Record document number 81-1, Exhibit B.

2

part of that Rule 35 examination.  And while both of the doctors working for Tiger Tugz report that the September 16, 2013 MRI is of moderately poor or poor quality or is inadequate, Dr. Corales nevertheless was able to use it to reach his opinions.

Issuance of court-ordered Rule 35 examination requires a showing of good.  In these circumstances, the Tiger Tugz has not shown good cause to order Capt. Chaisson to undergo another MRI. Insofar as Drs. Corales and/or Robert contend that the quality of the MRI affected their opinions, they can explain the basis for their contention in their discovery depositions and/or to the jury at trial.

Accordingly, the Motion to Compel MRI filed by claimant Tiger Tugz, L.L.C. is denied.

Baton Rouge, Louisiana, February 27, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

3